[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
After trial by jury petitioner was convicted of carrying a pistol without a permit in violation of Connecticut General Statutes Section 29-35; unlawful discharge of a CT Page 3593 firearm in violation of Connecticut General Statutes Section 53-203 and reckless endangerment in the first degree in violation of Connecticut General Statutes Section 53a-63.
On the first count a sentence of five years was imposed. On the second count a concurrent sentence of three months was imposed and on the third count a consecutive sentence of one year was imposed. The net total sentence imposed was six years to serve. The sentence was consecutive to a sentence for violation of probation which petitioner was then serving.
The facts underlying the conviction indicate that petitioner had in his possession a .22 caliber rifle cut off and reduced to the size of a pistol. In the Stowe Village housing area petitioner used this weapon to shoot at another young man and others from various locations. Petitioner who had been drinking was eventually disarmed without shooting anyone.
In arguing for a reduction of the sentence petitioner's council stressed his client's unfortunate background. Counsel felt that petitioner may have been punished for exercising his right to trial. The attorney also stated that petitioner was taking medication during the trial. The side effects of this medication may have given the trial judge the opinion that that petitioner was not taking the situation seriously enough.
It was also pointed out that no one was actually injured by petitioner's actions and and a small caliber weapon was used.
Speaking on his own behalf petitioner disputes some of the facts but admitted that what he did was wrong. He stated that the prosecutor was out to get him at the trial and the judge sentenced him in anger.
Both petitioner and his attorney argued that these factors resulted in a disproportionate sentence which should be reduced by making it concurrent to the sentence being served for violation of probation.
The Assistant State's Attorney argued that the sentence imposed should stand. He stated that petitioner should not be rewarded because his aim was bad. The Assistant State's Attorney also mentioned petitioner's past criminal record.
In this case petitioner was convicted of violent CT Page 3594 criminal acts posing great danger to the people living in Stowe Village. At the time of sentencing he had an extensive criminal record including six convictions for assault one of which was a conviction of assault in the first degree.
When imposing sentence it was proper for the judge to consider the character of the offender in light of his criminal record and the necessity to protect the public interest. In light of the factors enumerated in Practice Book Section 942 it cannot be found that the sentence is disproportionate or excessive.
The sentence is affirmed.
PURTILL, J.
STANLEY, J.
NORKO, J.
Purtill, J., Norko, J., and Stanley, J., participated in this decision.